Luna CRAFT, Appellant,

v.

Leora MULLINS et al., Appellees.

Court of Appeals of Kentucky.

June 2, 1961.

———◇———

Joe Hobson, Prestonsburg, for appellant.

Combs & Combs, Prestonsburg, for appellees.

CULLEN, Commissioner.

Luna Craft brought an action against a Mullins family and a Bailey family alleging that they had obstructed and were encroaching upon a lane between their lands and her land. She prayed that the lane be declared to be a public passway and that the defendants be enjoined from obstructing it. The court heard the case without a jury and entered judgment denying the plaintiff's claim for relief and adjudging that the defendants owned the land to their fence lines, which lines were located in what the plaintiff claimed was the middle of the lane. Mrs. Craft has appealed.

In her brief the appellant discusses only the evidence on her side, ignoring that for the defendants. It is our opinion that the evidence for the defendants amply supports the judgment.

There was sufficient evidence to sustain the trial court's findings that the deeds from the Crafts to the Baileys and the Mullinses covered all of the land now embraced within the fence lines of the latter and that their fences had never been moved since the respective dates of the deeds in 1921 and 1925. The appellant relies upon an alleged plat in which the lane was dedicated, but it is not claimed that this plat was in existence at the time of the Bailey deed in 1921, and the evidence is not conclusive that the lane was located on any of the land that the Mullinses claim under their deed of 1925. Furthermore, the proof was not convincing that the lane was dedicated as a public passway as distinguished from a way of privilege; in fact, the deed to the Mullinses merely recites that they are to have "the privilege of using the lanes laid off in the map." (The plaintiff was unable to produce any record evidence of the plat.) This being the case, the trial court was warranted in concluding that even if the lane originally did constitute an exclusion from the Mullinses' deed they had acquired title by adverse possession by reason of having enclosed it within their fence line for more than 15 years.

One fact that tends strongly to refute Mrs. Craft's claim as to the location and existence of the passway is that since 1937 there have been two power line poles

located squarely in the middle of what Mrs. Craft claims is the passway, which poles were erected pursuant to an easement right granted by her. Her own map shows the poles to be so located.

The judgment is affirmed.